UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY MUNERLYN, Jr.,

                Plaintiff,

v.                                                               1:18-CV-1047
                                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      BRANDI SMITH, ESQ.
  Counsel for Plaintiff                                  KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   DENNIS CANNING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   OONA PETERSON, ESQ.
  Counsel for Defendant                                SCOTT KELLER, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 25.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

**I.     RELEVANT BACKGROUND**

   **A.     Factual Background**

Plaintiff was born in 1988.  (T. 132.)  He completed the 11th grade.  (T. 137.) Generally, Plaintiff's alleged disability consists of a learning disability and left-hand injury.  (T. 167.)  His amended alleged disability onset date is January 24, 2011.  (T. 166.)  He has no past relevant work.

   **B.     Procedural History**

On August 30, 2010, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 74.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October 1, 2012, Plaintiff appeared before the ALJ, William Weir.  (T. 33-66.)  On September 25, 2013, ALJ Weir issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 6-27.)  On January 8, 2015, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.  On July 26, 2016, the Western District of New York issued a Decision and Order, remanding the case for further proceedings.  (T. 514-537.)  On September 15, 2016, the AC issued an Order, vacating the 2013 decision and remanding for further proceedings.  (T. 565.)  Plaintiff appeared before ALJ Weir on January 22, 2018.  (T. 1034-1099.)  On June 6, 2018, ALJ Weir issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 491-513.)  Thereafter, Plaintiff timely sought judicial review in this Court.

   **C.     The ALJ's 2018 Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 497-506.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 30, 2010 the application date. (T. 497.) Second, the ALJ found Plaintiff had the severe impairments of status-post crush injury to the left middle finger with two subsequent surgeries. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 499.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. § 416.967(b)] except [Plaintiff] could use his dominant (left) hand as a guide or an assistant to lift and carry up to 4 pounds, with no limitations for the non-dominant hand (meaning [Plaintiff] can lift and carry up to 20 pounds with the non-dominant hand).

(*Id*.)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 504-505.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to properly evaluate Plaintiff's lumbar spine impairment, cervical spine impairment, and left shoulder impairment. (Dkt. No. 18 at 21-25.) Second, and lastly, Plaintiff argues the ALJ's physical RFC determination

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 419.967(b).

3

was "not based on a single shred of opinion evidence or useful assessment of Plaintiff's functional limitations." (*Id*. at 25-29.) Plaintiff also filed a reply in which he reiterated his original arguments. (Dkt. No. 24.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly considered Plaintiff's severe impairments. (Dkt. No. 23 at 18-25.) Second, and lastly, Defendant argues substantial evidence supported the ALJ's consideration of the opinion evidence. (*Id*. at 25-30.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment or combination of

5

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff argues the ALJ "ignored" opinion evidence provided by treating sources, Michael Calabrese, M.D. and Cheryl Hart, M.D. (Dkt. No. 18 at 25-29.) Defendant acknowledges the ALJ inaccurately attributed the treating doctors' opinions to non-acceptable medical sources, Amanda Coates RPA-C and Emily Grisante, PA; however, any error was harmless because the ALJ properly considered the substance of the opinions submitted and included limitations in Plaintiff's RFC to account for the restrictions. (Dkt. No. 23 at 26-28.) For the reasons outlined herein, remand is necessary for a proper evaluation of the treating source opinion evidence under the treating physician rule.

Here, the opinions the ALJ attributed to Ms. Coates and Ms. Grisante were provided by two treating acceptable medical sources, Dr. Calabrese and Dr. Hart. Both sources treated Plaintiff at Medical Care of Western New York at Buffalo ("Medical Care") for injuries sustained in a July 2014 accident.

Drs. Calabrese and Hart provided specific "work restrictions" in their treatment notations. In August, September, and October of 2014, Dr. Calabrese indicated Plaintiff was "unable to perform gainful employment" and "temporarily totally impaired." (T. 771, 779, 784.) From November 2014 through October 2015, Dr. Calabrese or Dr. Hart

opined Plaintiff "would be able to perform sedentary to light work duties with limited use of the left arm, avoid excessive repetitive motions to the left arm. Avoid overhead reaching with the left arm." (T. 690, 696, 702, 708, 713, 720, 731, 736, 741, 747, 752, 758, 763.)[2] The doctors also stated Plaintiff was "temporarily partially impaired as of a mild to moderate degree." (*Id.*) Most of the treatment notations provided by Dr. Calabrese were "dictated by" another source such as a physician assistant, who's name also appears on the treatment notation. (*See example* T. 771, 778.) Dr. Hart appears to have dictated her own notations. (*See example* T. 763.)

In his discussion of the opinion evidence in the record, the ALJ inadvertently attributed Dr. Calabrese's and Dr. Hart's opinions to Ms. Coates and Ms. Grisante. (T. 503.) The ALJ afforded the opinions "little weight." (*Id.*) The ALJ summarized the opinions as restricting Plaintiff to a range of "sedentary to light work duties with limited use of the left arm." (*Id.*) The ALJ concluded the limitations provided were entitled to "little weight" reasoning Ms. Coates and Ms. Grisante were "other medical sources;" the limitations were intended to be temporary; medical opinions offered in personal injury claims "utilize [a] different standard than required by the Social Security Regulations regarding disability;" the opinions were "vague and conclusory;" and the opinions were not consistent with objective evidence of "grossly normal musculoskeletal findings." (T. 503.) Nowhere in his written decision did the ALJ mention Dr. Calabrese or Dr. Hart. (T. 497-506.)

---

[2] Although essentially the same, at times the work restrictions were written as "able to perform sedentary to light work duties with limited use of the left arm and avoid excessive repetitive motions and overhead reaching with the left arm." (*See* T. 726.)

7

Although the ALJ described the substance of Dr. Calabrese's and Dr. Hart's opinion and provided reasons for assigning those opinions "little weight;" the ALJ failed to attribute the opinions to acceptable medical treating sources and failed to properly assess those opinions under the treating physician rule. *See Reich v. Astrue*, 892 F. Supp. 2d 466, 469 (W.D.N.Y. 2012) (the ALJ's failure to mention or discuss treating source opinion is an error of law which requires remand because the ALJ must set forth good reasons to the weight afforded the treating source opinion). Failure to acknowledge the opinions as treating medical source opinions and failure to evaluate those opinion under the treating physician rule requires remand.

Under the treating physician rule, the opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2)[3]. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §

---

[3] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

416.927(c)(2). A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id*. at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned."). The ALJ performed none of the necessary analysis in evaluating the opinions of Drs. Calabrese and Hart.

In addition, the ALJ's mistake in attributing the opinions to non-acceptable medical sources cannot be deemed harmless. To be sure, the ultimate finding of whether Plaintiff was disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. § 416.927(d). Therefore, the doctors' statements that Plaintiff was "unable to work" or "temporarily totally impaired" are not entitled to any weight. Further, the doctor's opinion that Plaintiff could perform sedentary to light work is not inconsistent with the ALJ's ultimate RFC determination.

However, the doctors provided additional specific work-related limitations which the ALJ did not address. Namely, the doctors opined Plaintiff should avoid repetitive motions with his left arm and should avoid overhead reaching with his left arm. (T. 690, 696, 702, 708, 713, 720, 731, 736, 741, 747, 752, 758, 763.) These very specific work-related restrictions, which the ALJ did not address and instead referred to as "limited use of left arm," are neither "vague" nor "conclusory." (T. 503.) Although the RFC limited Plaintiff light work and further to lifting and carrying no more than 4 pounds with his left arm, there are no limitations for repetitive motion of the left arm or overhead

9

reaching. (T. 499.) Therefore, failure to address these specific limitations cannot be deemed harmless.

Lastly, contrary to the ALJ's assertion, the limitations do not appear to be "temporary." (T. 503.) Drs. Calabrese and Hart provided some degree of work restrictions from August 2014 through October 2015 and provided specific limitations regarding repetitive use of the left arm and reaching from November 2014 through October 2015. The limitations span approximately one year and remained consistent; therefore, they do not appear to be temporary.

Overall, remand is necessary for a proper evaluation of treating source opinion evidence under the treating physician rule. Because a proper evaluation of the treating source opinion evidence may impact the ALJ's determinations at other steps of the sequential process, Plaintiff remaining arguments need not be addressed here.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: February 6, 2020

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge